UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN ALDEN LIFE INSURANCE
COMPANY,

    Plaintiff,

-vs-                                             Case No. 5:04-cv-538-Oc-10GRJ

HENRY L. VANLANDINGHAM, CAROLYN
L. JAMES, NADINE F. KNOWLIN, as
Executive Director of the Estate of Claudia
White, deceased, SPENCER S. BRYANT,
JOE PERRY, PARTHENIA HOLLINGER,
Penny, ROBBIN L. RASBURY,

    Defendants.
_____

**O R D E R**

This case is before the Court for consideration of Plaintiff John Alden Life Insurance Company's Motion for Interpleader (Doc. 36), the Parties' Joint and Agreed-to Motion For Entry of Order Granting Motion for Interpleader and Fees (Doc. 48), and Defendants Henry L. Vanlandingham, Carolyn L. James, Nadine F. Knowlin, as executrix of the estate of Claudine White, deceased, and Spencer S. Bryant's Further Amended Concerted Motion for Summary Judgment (Doc. 49). The Parties have all filed responses to each of their respective motions (Docs. 37, 38, 51), and they are ripe for consideration. For the reasons set forth below, the Court finds that the Motion for Interpleader, the Joint Motion for Entry of Order Granting Motion for Interpleader, and the Further Amended Concerted Motion for Summary Judgment will all be granted.

**Background**

On December 3, 2004, the Plaintiff, John Alden Life Insurance Company ("John Alden") filed a Complaint for Interpleader (Doc. 1). John Alden alleges that on or about September 1986, it issued a life insurance policy to Ida B. Spigener, No. UB00018329, the proceeds of which amount to $104,522. In 1995, Ms. Spigener executed a Change of Beneficiary Designation, naming Carolyn James, Joe Perry, Penny Hollinger, Claudia White and Robbin L. Rasbury as her beneficiaries under the Policy (the "1995 Beneficiaries"). In 2003, Ms. Spigener executed another Change of Beneficiary Designation naming Henry L. VanLandingham, Carolyn James, Claudia White, and Spencer S. Bryant as her beneficiaries under the Policy (the "2003 Beneficiaries"). After Ms. Spigener died on June 29, 2004, John Alden received competing claims for the Policy's death benefits from both the 1995 Beneficiaries and the 2003 Beneficiaries. In particular, the 1995 Beneficiaries have asserted that the 2003 beneficiary change was invalid due to Ms. Spigener's lack of competency, wrongful influence, and/or coercion on the part of the 2003 Beneficiaries. John Alden alleges that it "is unable to safely determine who are the rightful beneficiaries and cannot resolve the validity of the competing claims of the Defendants."

All of the 2003 Beneficiaries filed timely answers to John Alden's Complaint (Docs. 4, 5, 14, 27). On February 28, 2005, John Alden moved for an entry of Clerk's Default against Penny Hollinger and Carolyn L. James (Docs. 15, 17). A Clerk's Default was

entered as to both Defendants on March 2, 2005 (Docs. 20, 21).  The Default against Defendant Carolyn James was set aside pursuant to joint stipulation on March 24, 2005[1] (Doc. 26).  John Alden moved for default judgment against Defendant Robbin L. Rasbury on April 12, 2005 (Doc. 31), and against Defendant Joe Perry on April 15, 2005 (Doc. 33) for failure to plead or otherwise defend against the Complaint.  A Clerk's Default was entered against both Defendants on April 13, 2005 and April 18, 2005, respectively (Docs. 32, 34).  As of the date of this Order, Defendants Hollinger, Rasbury and Perry have not responded to John Alden's Complaint, or filed any documents in this case.

On May 11, 2005, John Alden filed its Motion for Interpleader and for Determination as to Entitlement to Attorneys' Fees (Doc. 36).  In its Motion, John Alden requests that the Court:  (1) determine who are the rightful beneficiaries of Ms. Spigener's life insurance policy; (2) require all Defendants to plead their claims to the benefits of the Policy; (3) permit John Alden to pay the Policy's benefits into the Court's registry; (4) discharge John Alden from any and all liability to all Defendants in connection with the Policy and/or benefits payable pursuant to the Policy; (5) enjoin and/or restrain all Defendants from initiating any proceeding against John Alden regarding the Policy and/or benefits payable pursuant to the Policy; (6) find that John Alden is entitled to attorney's fees and costs and award both; and (7) dismiss the action with prejudice as to John Alden.  The only Defendants who filed any objections to the motion were Defendant Van Landingham and

---

[1]Ms. James and Ms. White are both 1995 Beneficiaries and 2003 Beneficiaries.

Defendant Nadine F. Knowlin, as executrix of the estate of Claudia White (Docs. 37, 38). Both Defendants opposed John Alden's motion on the same grounds: that interpleader is not necessary because all of the 1995 Beneficiaries have failed to respond to John Alden's Complaint and Clerk Defaults have been entered against each of them. As such, Mr. Van Landingham and Ms. Knowlin argued that there no longer exists any doubt or question about whether, or to whom, to distribute the proceeds of the Policy.

All of the 2003 Beneficiaries subsequently filed a Concerted Motion for Summary Judgment on June 27, 2005 (Doc. 39), again asserting that because Clerk Defaults have been entered against the 1995 Beneficiaries, there are no remaining questions as to the identity of the rightful beneficiaries of the Policy. The 2003 Beneficiaries filed an Amended Concerted Motion for Summary Judgment on March 22, 2006 setting forth the same argument (Doc. 46), thereby mooting the original motion. According to the Amended Motion, the proceeds of the Policy should be distributed as follows: 40% to Mr. Van Landingham, 30% to Carolyn James, 15% to Claudia White, and 15% to Spencer Bryant.[2]

John Alden filed a response in opposition to the original motion for summary judgment (Docs. 42, 44), and a cross motion for summary judgment seeking attorneys' fees and costs (Doc. 45). In all of these papers, John Alden agrees that given the failure of the 1995 Beneficiaries to appear or defend in this case, there are no longer any undisputed issues of fact with respect to the 2003 Beneficiaries' entitlement to the Policy's

---

[2]These percentages are set forth in the Change of Beneficiary Designation Form, which is attached to the original Motion for Summary Judgment (Doc. 39-2).

proceeds, and John Alden does not oppose distribution of the proceeds to those Defendants.  However, John Alden contends that at the time it filed its Complaint and Motion for Interpleader, it was subject to competing claims against the Policy's proceeds, and that it was appropriate to file a motion for interpleader at that time, and therefore John Alden is entitled to attorneys' fees and costs.  In support of this request, John Alden submitted an affidavit from Sue Cornish, the senior claims analyst responsible for handling the claims against Ms. Spigener's life insurance policy (Doc. 42-2).  In this affidavit, Ms. Cornish describes in detail the competing claims against the Policy, and attaches correspondence between John Alden and the 1995 Beneficiaries and 2003 Beneficiaries concerning the competing claims.

Before the Court resolved these motions, John Alden and the 2003 Beneficiaries filed on March 24, 2006 a Joint and Agreed-To Motion for Entry of Order Granting Motion for Interpleader and Fees (Doc. 48).  In that motion, all Parties who have appeared in this case agree that John Alden's motion for interpleader should be granted, and that John Alden should be allowed to deposit the Policy's proceeds with the Court's registry, be dismissed from this case and released from all liability concerning the Policy, and be awarded $12,000 for attorney's fees and costs.  On March 29, 2006, the 2003 Beneficiaries filed a Further Amended Concerted Motion for Summary Judgment (Doc. 49), requesting the same relief as in the Agreed-To Motion, and also requesting that the Court distribute the Policy's proceeds in the manner set forth in the 2003 Change in Beneficiary

Designation.[3]  John Alden responded to the Defendants' Motion (Doc. 51), stating that it had no objection, other than to request that its motion for interpleader be granted before summary judgment, in order to avoid any confusion and to permit John Alden time to deposit the Policy's proceeds with the Court's registry.  Given these most recent developments, it is clear that the motion for interpleader is due to be granted, and ultimately the 2003 Beneficiaries' Further Amended Motion for Summary Judgment.

## Discussion

*A.    The Court's Jurisdiction*

The first question the Court must determine is whether it has subject matter jurisdiction over this case.  John Alden filed its interpleader complaint and motion under both Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335.  These provide independent bases for bringing an interpleader action; their primary difference lies in their respective jurisdictional prerequisites.  See Allstate Ins. Co. v. Young, 923 F.Supp. 1559, 1561 (S.D.Ga.1996) (explaining differences between rule and statutory interpleader).  To go forward under 28 U.S.C. § 1335, John Alden must satisfy three requirements: (1) the money or property in controversy has a value of $500 or more; (2) two or more claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) John Alden must have deposited the money or property in controversy into the registry of the Court or have given a bond payable to the Clerk in the amount of

---

[3] This most recent motion also had the effect of mooting the 2003 Beneficiaries' March 22, 2006 Amended Concerted Motion for Summary Judgment (Doc. 46).

such money or property.  See 28 U.S.C. § 1335(a).  John Alden has satisfied the first two requirements, but has failed to satisfy the third.  The docket reflects that John Alden has failed to either deposit the proceeds of the Policy into the registry of the Court or to post a bond for the same amount with the Clerk.  Absent satisfaction of this requirement, the Court lacks subject-matter jurisdiction over John Alden's statutory interpleader claim.  See Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1159 (5th Cir. 1976).

This does not end the analysis, as John Alden has also sought interpleader relief under Federal Rule of Civil Procedure 22.  Under this Rule, John Alden must demonstrate either federal question subject-matter jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332.  As stated above, this Court does not have federal question jurisdiction because John Alden cannot satisfy the requirements of 28 U.S.C. § 1335, and because the dispute at the heart of this case is a state law claim over the proceeds of an insurance policy.  However, there is diversity jurisdiction.  As alleged in John Alden's Complaint, the amount in controversy exceeds the $75,000 jurisdiction threshold of § 1331, and there is complete diversity of all parties.  None of the Defendants have challenged either assertion, therefore the Court finds that diversity jurisdiction exists and the Court may proceed to the merits of John Alden's motion.

*B.     John Alden's Motion for Interpleader*

Interpleader is a device that allows a stakeholder to bring an action joining two or more adverse claimants to a single fund.  In re Mandalay Shores Coop. Housing Ass'n, Inc., 21 F.3d 380, 383 (11th Cir.1994).  The purpose of interpleader is to protect a

stakeholder from the possibility of defending multiple claims.  Relistar Life Ins. Co. v. Knighten, No. 504CV221OC10GRJ, 2005 WL 1309411, at *3 (M.D.Fla. June 1, 2005); see also Fulton v. Kaiser Steel Corp., 397 F.2d 580, 582583 (5th Cir.1968) ("[T]he gist of the relief sought is the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing."). Accordingly, the interpleader statutes and rules are liberally construed to effectuate this purpose. Relistar, 2005 WL 1309411, at *3 (quoting Matter of Bohart, 743 F.2d 313, 325 (5th Cir.1984)).

Despite the Defendants' objections and the arguments in their concerted motion for summary judgment, (which are now mooted by the parties' agreed-to motion for interpleader), the Court concludes that interpleader is appropriate in this case and John Alden is due to be discharged from liability because it had legitimate fears of multiple litigation against a single fund.  John Alden has shown that both the 1995 and 2003 Beneficiaries made claims to the Policy's proceeds, and at least one of the 1995 Beneficiaries sought to challenge the claims of the 2003 Beneficiaries on the grounds of coercion and mental competency.  As such, John Alden was unable to settle the claims even after this action was filed.  Although it is presently clear that the 2003 Beneficiaries claims will be meritorious, John Alden had a right to file this action in interpleader to avoid the vexation and expense of resisting the adverse claims.[4]  Moreover, the fact that the

---

[4]See Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556 (8th Cir. 1940) ("It is our opinion
(continued...)

Parties have now filed their Agreed-To motion recognizing the appropriateness of John Alden's motion further supports the Court's decision to grant interpleader in this case.

*C.    Attorney's Fees and Costs*

In the Agreed-To motion, the Parties have agreed that John Alden should receive $12,000 for attorney's fees and costs incurred in litigation this action, and that this amount should be deducted from the Policy's proceeds before John Alden pays the proceeds into the Court's registry.  The Parties do not detail how they arrived at this figure, and have not provided any documentation itemizing John Alden's costs.

Although neither rule nor statute provides for attorneys' fees and costs in interpleader cases, "[f]ederal practice. . . has followed the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover costs and attorney's fees from the stake itself . . . .  The court's 'authority to make an award is discretionary; there is no right for the stakeholder to recover costs and attorney's fees.' " Life Investors Ins. Co. of Am. v. Childs, 209 F.Supp.2d 1255, 1256 (M.D.Ala.2002) (quoting 4 James Wm. Moore, Moore's Federal Practice § 22.06 (3d ed.2002)) (citations omitted); see also Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497 (11th Cir.1986) ("In an

---

[4](...continued)
that a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting adverse claims, even though he believes that only one of them is meritorious.  As the Supreme Court said in Myers v. Bethlehem Corporation, 303 U.S. 41, 51, 58 S.Ct. 459, 464, 82 L.Ed.638: 'Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of trial to establish the fact.'").  See also Stuyvesant Ins. Co. v. Dean Const. Co., 254 F.Supp. 102, 108 (D.C. N.Y. 1966) ("Interpleader jurisdiction is not dependent upon the merits of the respective claims.") (internal citations omitted).

interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder."). In bringing this action, the Plaintiff was required to draft and file a complaint, serve process, draft several motions, and respond to several other motions. Accordingly, the Court concludes that the agreed-upon sum of $12,000 for attorney's fees and costs is appropriate.

*D.     2003 Beneficiaries Further Amended Motion for Summary Judgment*

In addition to agreeing to John Alden's request for interpleader, the 2003 Beneficiaries have filed an amended motion for summary judgment seeking that the Court disburse the Policy's proceeds in the percentages set forth on the 2003 Change of Beneficiary Designation. Because none of the 1995 Beneficiaries have appeared in this case, and because John Alden does not object to this requested relief, other than to request that its motion for interpleader be granted first, the Court finds that the 2003 Beneficiaries Further Amended Motion for Summary Judgment is due to be granted. However, to avoid any confusion, and in accordance with John Alden's request, the Court will withhold the entry of judgment in favor of these Defendants until after John Alden deposits the remaining balance of the Policy's proceeds into the Court's registry.

**Conclusion**

Accordingly, upon due consideration, it is ORDERED AND ADJUDGED that:

(1) John Alden's Motion for Interpleader and for Determination as to Entitlement to Attorney's Fees (Doc. 36) is GRANTED;

(2) the Parties' Joint and Agreed-To Motion for Entry of Order Granting Motion for Interpleader and Fees (Doc. 48) is GRANTED;

(3) John Alden is awarded $12,000 for attorney's fees and costs, and may deduct this amount from the proceeds of Ms. Spigener's life insurance policy, No. UB00018329;

(4) John Alden is discharged from any and all liability to all Defendants in connection with the Policy and/or benefits payable pursuant to the Policy and all claims against John Alden are DISMISSED WITH PREJUDICE;

(5) All Defendants are hereby enjoined from bringing any claim against John Alden in connection with the Policy or benefits under the Policy;

(6) Within fifteen (15) days from the date of this Order, John Alden shall deposit the remaining balance of the Policy's proceeds, after the deduction for its awarded attorney's fees and costs, into the Court's registry;

(7) The Defendants' Further Amended Motion for Summary Judgment (Doc. 49) is GRANTED;

(8) The Court shall withhold the entry of judgment in favor of John Alden, and withhold the entry of judgment upon the Defendants' Further Amended Motion for

Summary Judgment until John Alden has deposited the remaining balance of the Policy's proceeds into the Court's registry. Following the deposit of such sum, the Court will enter judgment in accordance with this Order and without further notice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 30th day of May, 2006.

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record